## SWEETLAND v. HILL et al.

The removal of an enclosure of land, for the purpose of replacing it with a better one, so far from being evidence of an intention to abandon the premises, is direct evidence of the contrary.

An entry with full notice of plaintiff's rights, during a temporary removal of his enclosure, can not be defended on the ground that the lands were unenclosed.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

*Henry Meredith* for Appellant.

*Francis J. Dunn* for Respondents.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action of ejectment for lands in Nevada county. The jury returned a verdict for the plaintiff, and a new trial being refused, an appeal is taken.

Upon an examination of the record, we are unable to perceive any error affecting the right of defendants. The testimony as to the acceptance, by one of the defendants, of a deed from the

plaintiff to a different piece of land, was irrelevant, but can not have affected the verdict, which must have been the same if no such testimony had been introduced.

The point that the verdict is against the evidence, is not supported by the record. The evidence contained in the statement not only fully sustains the verdict, but is such as renders it morally certain that a different verdict could not be returned by an impartial and intelligent jury.

It appears plaintiff claimed the possessory right to one hundred and sixty acres of land in Nevada county, a portion of which he had actually enclosed, and occupied continuously from 1853.

A short time before defendant's entry, plaintiff caused the fence around the land to be removed, for the purpose of constructing a better fence of different materials. That before that time plaintiff had instituted a suit against one Froe, to recover a portion of the tract outside the enclosure; that he failed in the action, the judgment of the Court confining his possession to the actual enclosure; defendants being informed of this decision at the time plaintiff was removing the old enclosure, and before the construction of the new had been commenced, at once entered upon the land, and have continued in possession ever since.

This entry was with the full notice of plaintiff's rights. There is, in the evidence, no pretext for the supposition that plaintiff intended to abandon his possession; on the contrary, such intention is clearly disproved.

Judgment affirmed.